UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| RENOVER HILL | ] | |
| Plaintiff, | ] | |
| v. | ] | No. 3:09-0992 |
| | ] | JUDGE HAYNES |
| STEWART COUNTY SHERIFF'S | ] | |
| OFFICE | ] | |
| Defendant. | ] | |

**M E M O R A N D U M**

Plaintiff, Renoven Hill, an inmate at the Stewart County Jail in Dover, Tennessee, filed this *pro se* action under 42 U.S.C. § 1983 against the Stewart County Sheriff's Office, challenging the conditions of his confinement at the Stewart County Jail. Plaintiff alleges that the medical care provided to him was inadequate. In addition, the Plaintiff complains about overcrowding, a lack of sun light and recreational opportunities, and mold on the ceilings.

Under the Prison Litigation Reform Act (PLRA), the courts are required to dismiss a prisoner's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). Although the courts are required to construe *pro se* pleadings liberally, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, the "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d

601, 612 (6th Cir. 1997).

For an action under 42 U.S.C. § 1983, a defendant must be a "bodies politic." Flagg Brothers v. Brooks, 426 U.S. 149, 155-56 (1978). A county sheriff's office is not a 'bodies politic" or person that can be sued under 42 U.S.C. § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007), see also Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994).

In the absence of a proper defendant, Plaintiff complaint fails to state a claim upon which relief could be granted. 28 U.S.C. § 1915(e)(2).

Accordingly, an appropriate order if filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
11-30-09